PONDER, Judge,
dissenting.
I dissent. I agree that plaintiff was injured and is entitled to damages. In my *964 opinion, however, he has not proved the length of his continuing disability.
Plaintiff’s expressions as to length of disability are based on a hearsay statement of his drilling supervisor that he could not drill any more, on resumés of what the employment office employees told him — that there was nothing available then — and on what the rehabilitation man told him — a pessimistic expression of the handicaps of age and limited education upon any rehabilitation program).
Dr. Harold Stokes, orthopedist, found cervical spondylosis with clinical findings exaggerated. He said he would “hope that with continued reassurance and gentle treatment his symptoms will progressively subside and he will be able to return to his job as a supervisor for Delta Drilling.”
Dr. Eugene J. Dabezies, orthopedist, found a chronic pain problem with an “awful lot of psychological overlay.” Because of the psychological problems, he could not be sure that the present pain was a result of the automobile accident. The plaintiff had no evidence of an underlying orthopedic disease but needed psychiatric treatment. He made no statement of possible duration.
Dr. Michael E. Carey, neurosurgeon, found plaintiff making an adequate recovery from cervical sprain and recommended no surgery. He made no estimate of possible duration.
Dr. Homer Kirgis, neurosurgeon, disturbed by the zero motion of head, found that the plaintiff was possibly exaggerating and needed psychiatric evaluation. He made no estimate of possible duration.
Dr. John E. Schumacher, neurosurgeon, found plaintiff’s problem was mostly psychiatric. He made no estimate of possible duration.
Dr. Clayton Edisen, psychiatrist, found plaintiff now disabled by depression and felt that his physical health would not be restored by a monetary award for his damages. He was not asked for and gave no estimate of duration of disability.
Dr. James Knight, psychiatrist, found that the problem was psychiatric and felt plaintiff would be able to return to work with three to six months after resolution of the suit regardless of the results.
Dr. Richard H. Morse, psychiatrist, found plaintiff’s problem was reactive depressive neurosis and felt that he could be expected to return to supervisory work except that he would have to avoid heavy lifting or further injury. The pain would be resolving over a period of six months to one year. The best therapy would be a return to work.
Dr. Robert A. McFarlain, psychologist, found a significant neurotic depression making plaintiff an excellent candidate for rehabilitation. He made no estimate of duration.
Dr. Karl E. Keller, rheumatologist, found a moderately severe cervical spondylosis and apparently a pain syndrome. He made no estimate of duration.
The testimony of Dr. Christopher Cenac, orthopedist, has been left until last because he was the treating physician and because he made significant changes in his testimony after viewing some films of plaintiff’s physical activities.
In the first part of the trial he found total and, inferentially though not expressly, permanent disability because of neuro-psychiatric, not orthopedic, problems. However, after viewing the films, he stated his former opinion of total disability wasted upon lack of function as a result of lack of motion but that the film demonstrated an adequate range of motion.
I find no medical testimony upon which a conclusion of total, and permanent disability could be based. Special and general damages based upon such a conclusion are, therefore, I believe, unjustified.
I therefore dissent.